# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Emanuel M. Ealom,** | **CASE NO. 1: 17 CV 694** |
| Plaintiff, | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Director Gary Mohr, *et al.*,** | |
| Defendants. | |

## Introduction

*Pro se* Plaintiff Emanuel M. Ealom, an Ohio prisoner incarcerated in the Richland Correctional Institution, has filed this civil action pursuant to 42 U.S.C. §1983 against the Director of the Ohio Department of Rehabilitation and Corrections Gary Mohr; Cuyahoga Court of Common Pleas Judge John P. O'Donnell; Assistant County Prosecutor Ryan Bokoch; and Warden Dave Marquis. He alleges he is asserting rights violations in connection with his "conditions of treatment & confinement." (Doc. No. 1 at 3.) He seeks a "T.R.O." and $10 million in damages. (*Id*. at 6).

The plaintiff's complaint does not set forth discernible factual allegations supporting his claims, or facts suggesting what he contends each of the defendants did to violate his rights. The complaint, instead, consists of a litany of conclusory and unexplained grievances and claims, including "deliberate indifference to . . . serious safety & medical needs"; "failure to protect your rights & safety"; "failure to abate next judicial misconduct"; "prison overcrowding"; "inhumane" and "unsanitary conditions of treatment & confinement";

"ineffective ass[istance] of counsel," "discriminat[ion] with prejudice"; and "prosecut[o]rs misconduct." (*Id.* at 3, 5.)

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* litigants "are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and any action in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A).

**Analysis**

Upon review, the Court finds the plaintiff's complaint must be summarily dismissed. The vague, conclusory, and generalized allegations set forth in the complaint are simply

insufficient to raise a right to relief against any defendant above a speculative level. *See, e.,g., Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right."); *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x 188, 190 (6th Cir. 2004) (a complaint must contain sufficient allegations to sustain a recovery under a viable legal theory, and "[m]erely listing names [of defendants] in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983").

Further, the complaint fails to state a claim on which relief may be granted against Director Mohr and Warden Marquis for the additional reason that liability cannot be imposed on supervisory employees under 42 U.S.C. §1983 solely on the basis of *respondeat superior*, and the plaintiff has not alleged facts reasonably suggesting these defendants engaged in any wrongful conduct. *See, e.g., Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."). In addition, Judge O'Donnell and Assistant County Prosecutor Bokoch are immune from a suit for damages under § 1983 arising from the performance of their duties in connection with the plaintiff's state criminal case. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges are entitled to absolute immunity from suits based on their

judicial acts); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (a state prosecutor is immune from a civil suit for damages for his conduct "in initiating a prosecution and in presenting the State's case").

**Conclusion**

For all of the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 9/19/17